## Ashman's Estate (No. 1).

|218     509
|f218    512

*Practice, O. C.—Accounts—Auditor—Distribution.*

An auditor who had been appointed to pass upon exceptions filed to a particular account of a trustee, and to distribute such balance as he would find to be, among those entitled to receive it, has no power to charge the accountant with certain balances which it was alleged remained unpaid to some of the distributees on a former account. In such a case the auditor must confine himself strictly to the account which he was appointed to audit.

*Trusts and trustees—Commissions—Compensation.*

Where a trustee has for a period of four years given constant and careful attention to the trust estate, and his management has been attended with success and with profitable results to the beneficiaries, the appellate court will not reverse the orphans' court in allowing the trustee a compensation somewhat in excess of the per centum rate usually allowed in such cases.

Argued April 22, 1907. Appeal, No. 259, Jan. T., 1906, by Sigel Ashman, from decree of O. C. Huntingdon Co., overruling exceptions to auditor's report in Estate of Mary Jane Ashman. Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to report of W. M. Henderson, Esq., auditor. The opinion of the Supreme Court states the case.

*Errors assigned* were in overruling exceptions to auditor's report.

*L. H. Beers* and *H. H. Waite*, for appellants.—This court has decided in many cases that partial accounts are final only as to what they contain: Shindel's App., 57 Pa. 43; McLellan's App., 76 Pa. 231; Shank v. Simpson, 114 Pa. 208; Leslie's App., 63 Pa. 355.

*John D. Dorris*, for appellee.—The confirmation of a merely partial account is a definite decree, and is conclusive as to matters embraced in it: Appeals of Fross and Loomis, 105 Pa. 258, 268; Lehr's App., 98 Pa. 25; Moore's App., 10 Pa. 435; Holloway's Est., 11 Pa. C. C. Rep. 90.

OPINION BY MR. JUSTICE STEWART, June 3, 1907:

Upon the resignation of the executors and trustees appointed by the will of Mary Jane Ashman, deceased, the orphans' court of Huntingdon county in 1881 appointed Isaac Taylor, the appellee, successor in the trust. The trust property committed to his care and management consisted principally of coal lands in Clearfield county. These lands were leased to operators upon certain royalties, and yielded to the estate a very considerable income. The auditor filed and settled accounts of his trust regularly each alternate year, six in all, not including the last which was filed in 1904, and which gives rise to the present controversy. Each of these several accounts was regularly confirmed by the court, and each was followed by an auditor's report, also confirmed, making distribution of the balance thereon. To the seventh and last account filed January 2, 1904, exceptions were filed, and an auditor was appointed to pass upon these and make distribution of the fund. The principal effort before the auditor in support of the exceptions, was to charge the accountant with certain balances which it was alleged remained unpaid to some of the distributees on former accounts. The auditor, under instructions from the court, determined adversely to this contention, and confined the distribution to the balance ascertained on the last account. In this there was no error. Whether the trustee had or had not paid to the several distributees the entire amounts that had previously been awarded them, was a matter with which the auditor had no concern. He was appointed to pass upon the exceptions filed to this particular account,

and distribute the balance as he would find it to be, to and among those entitled.   Any exception based on the omission from the account of the several sums paid to distributees would necessarily have to be dismissed.   Distribution has no proper place in such an account.   In Ake's Appeal, 21 Pa. 320, it is said, " It is the duty of an executor or administrator to set forth the true condition of the trust, without any reference to its ultimate distribution.   How creditors, legatees, or next of kin may be affected by it, is not a consideration which ought to alter its shape.   Its object is to ascertain how much the accountants have received, and how much remains after payment of debts and expenses.   Payments made to, or releases given by distribution, can have no place in it."   The trustee in the present case in confining the account to receipts and expenses incident to the trust, was following the correct rule of accounting, the one which this court has by repeated decisions declared to be the only safe one.

The only fund for distribution before the auditor was the balance, as he might determine it to be, on the last account. It was not claimed that accountant was not there debited with all that he had received since the filing of his prior account, or that he had credited himself with improper expenditure; the correctness of the account in these particulars was conceded. In determining the balance for distribution, what had been paid to the distributees was not to be considered.   It was no part of the auditor's business to adjust the account between the trustees and the several distributees with respect to any other fund than that before him.   The decrees confirming the several prior accounts determined the liability of the accountant to the estate, and the several reports of auditor, also confirmed, determined the liability to each distributee.   If these sums, or any part of them, have not been paid, the decrees afford not only an easy and convenient method for enforcing payment, but the only one.   It was not for the auditor to inquire whether the liability thereunder had been discharged.

The accountant claimed and was allowed as compensation for his management of the trust during the four years covered by the account, the sum of $4,000.   This was somewhat more than the per centum rate, usually allowed in such cases, but under the circumstances, as we understand them, we cannot

say that it is excessive. The auditor found the management of the estate by the trustee to have been "attended with success and with profitable results to the beneficiaries." It covered a period of four years, and while the duties of the trust were perhaps not exacting, they were of a character that called for constant and careful attention. There is much in the case to incline to liberality, and we are persuaded that in being liberal towards the accountant, the court below was not unjust to any other interest.

The other matters complained of do not call for separate consideration here, as they are largely, if not entirely, resolved against the appellant's contention, by our conclusion with respect to the auditor's power to take cognizance of matters outside the account referred. The questions, in the main, relate to alleged indebtedness by the trustee of principal and interest on former accounts to the several distributees, and the admission and rejection of offers in connection therewith. We have given careful consideration to all the exceptions, but find the record disclosing no substantial error.

The appeal is dismissed at the costs of the appellant and the decree affirmed.